UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALLORY BEARD,

    Plaintiff,

v.

THE AUTO CLUB INSURANCE
 ASSOCIATION,

    Defendant.

Case No: 12-10726

Hon. Nancy G. Edmunds

_____/

| BURGESS & SHARP, PLLC | KIENBAUM OPPERWALL HARDY |
|---|---|
| Rex A. Burgess (P42779) |  & PELTON, P.L.C. |
| Heidi T. Sharp (P69641) | Elizabeth Hardy (P37426) |
| Syeda F. Davidson (P72801) | Thomas J. Davis (D.C. #490033) |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 43260 Garfield, Suite 280 | 280 N. Old Woodward Ave., Suite 400 |
| Clinton Township, MI 48038 | Birmingham, MI 48009 |
| (586) 226-2627 | (248) 645-0000 |
| rex@burgess-sharp.com | ehardy@kohp.com |
| heidi@burgess-sharp.com | tdavis@kohp.com |
| syeda@burgess-sharp.com | |

_____/

# RESPONSE TO PLAINTIFF'S MOTION TO
# REVIEW TAXED BILL OF COSTS

## CONCISE STATEMENT OF THE ISSUES PRESENTED

Should the Court disallow $3,157.25 in costs taxed to Plaintiff for trial transcripts used in support of Defendant's motion for judgment as a matter of law, when the Bill of Costs Handbook expressly permits such costs, and the Clerk's award does not include the costs of daily real time transcripts, but rather was calculated at an "ordinary" rate of $3.65 per page?

Plaintiff says yes.

Defendant says no.

# CONTROLLING OR MOST APPROPRIATE AUTHORITIES

**Cases**

*Purnell v. Arrow Fin. Servs.*,
  2007 U.S. Dist. LEXIS 38523 (E.D. Mich. May 29, 2007) .................................2

*Reuther v. Chapman,*
  2012 U.S. Dist. LEXIS 45927 (E.D. Mich. Mar. 30, 2012) .................................2

**Other Authorities**

E.D. Mich. Bill of Costs Handbook (Nov. 2013 rev.) ...............................................2

## BACKGROUND

On March 11, 2014, Defendant Auto Club filed a bill of costs, seeking among other things $6,271.25 for trial transcripts cited in its motion for judgment as a matter of law (the transcripts for February 4, 5, 6, 7, and 10.) (Dkt. No. 77; Dkt. No. 77-1, p.1.) That was the actual cost of those transcripts. (*See* Dkt. No. 77-1, pp. 4-5.) The next day, March 12, 2014, the clerk disallowed Auto Club's requested transcript costs because "Hourly/Realtime costs for trial transcripts are not taxable." (Dkt. No. 78, p. 2). Instead, the clerk recalculated the cost of those transcripts using "an ordinary rate of $3.65 per page." (*Id.*). There were 865 pages of transcripts for those days (*see* Dkt. No. 77-1, pp. 4-5), and at $3.65 per page, the trial transcripts cost $3,157.25. That amount, plus $1,188.60 for a deposition transcript used for impeachment and $1,102.70 for a *de bene* deposition transcript played at trial equals $5,448.55—the exact amount awarded by the clerk for transcripts "obtained for use in the case." (Dkt. No. 78, p. 1.) Plaintiff filed a motion to review the $3,157.25 award for trial transcripts, claiming that it arose "from daily real time transcripts ordered by the Defendant." (Dkt. No. 81, ¶ 3.)

## ARGUMENT

As the above background makes clear, Plaintiff's motion is premised on a misreading of the Clerk's taxed bill of costs. Here, Auto Club sought the transcript costs of (1) the Plaintiff's own deposition, which was used for impeachment at

1

trial; (2) the *de bene esse* deposition of a witness presented to the jury at trial; and (3) the five days of trial transcripts that were actually cited in Auto Club's Motion for Judgment as a Matter of Law. (Dkt. No. 77-1, p. 1). Plaintiff apparently accepts that the "Bill of Costs Handbook specifically states that transcripts used in support of a motion are taxable to the non-prevailing party," *Purnell v. Arrow Fin. Servs.*, 2007 U.S. Dist. LEXIS 38523, at *2 (E.D. Mich. May 29, 2007); *see also* E.D. Mich. Bill of Costs Handbook II.C.1.d (Nov. 2013 rev.), because he does not contest Plaintiff does not contest the award of $1,188.60 for his own deposition transcript, or the $1,102.70 for the *de bene esse* transcript. (Dkt. No. 81, ¶ 2.)

Rather, Plaintiff argues that the remainder of the clerk's taxed bill was erroneous because the costs of "daily real time transcripts" are not taxable. (Dkt. No. 81, Mot. p. 2; Br. pp. 1-3.) The clerk's award of $3,157.25 for trial transcripts used in support of a motion, however, does not include daily or real-time transcript costs; rather, the clerk calculated the transcript cost using the "ordinary" rate of $3.65 per page. (Dkt. No. 78, p. 1.) The clerk performed this calculation, instead of using Auto Club's actual trial transcript costs, specifically to *prevent* charging Plaintiff the additional cost of daily or real-time transcripts.[1] (*Id.* p. 2). That is proper procedure. *Reuther v. Chapman,* 2012 U.S. Dist. LEXIS 45927, at *3 (E.D. Mich. Mar. 30, 2012) (clerk "properly taxed the costs" of daily trial transcripts by

---

[1] Auto Club's daily transcript costs were $6,271.25, twice what was taxed.

2

"disallowing the amounts billed at real-time rates but assessing costs for the transcripts at the regular rate of $3.65 per page.")

Simply put, Plaintiff was not ordered to pay any premium costs associated with daily or real-time transcripts.  He is only required to pay the ordinary cost of trial transcripts.  Plaintiff's motion is premised on a fundamental misunderstanding of what the Clerk actually did, and it should be denied.

                Respectfully submitted,

                KIENBAUM OPPERWALL
                 HARDY & PELTON, P.L.C.

                BY:  *s/Thomas J. Davis*
                    Elizabeth P. Hardy (P37426)
                    Thomas J. Davis (D.C. #490033)
                Attorneys for Defendant
                280 N. Old Woodward Avenue, Suite 400
                Birmingham, MI 48009
                (248) 645-0000
                ehardy@kohp.com
                tdavis@kohp.com

Dated:  April 15, 2014

199504

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 15, 2014, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

                                                  *s/Thomas J. Davis*
                                                  Thomas J. Davis (D.C. #490033)
                                                  280 N. Old Woodward Avenue, Ste 400
                                                  Birmingham, MI 48009
                                                  (248) 645-0000
                                                  tdavis@kohp.com