UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Mallory Beard,

        Plaintiff(s),

v.

The Auto Club Insurance Association,

        Defendant(s).
_____/

Case No. 12-10726

Honorable Nancy G. Edmunds

## ORDER DENYING PLAINTIFF'S MOTION TO REVIEW TAXED BILL OF COSTS AS MOOT [81]

Currently before the Court is Plaintiff Mallory Beard's motion to review the Taxed Bill of Costs. Defendant, The Auto Club Insurance Association, opposes the motion, arguing that the challenged costs, specifically the cost of daily real time trial transcripts, were not included in the final amount. For the reasons set forth below, the Court DENIES Plaintiff's motion as moot.

### I. The Invoices Accompanying the Taxed Bill of Costs Do Not Include Fees for Daily Real Time Trial Transcripts

Plaintiff is contesting the amount of $3,157.25, claiming that that amount was for "real time daily transcript fees." Plaintiff has attached as Exhibit 1 to his motion a copy of the Taxed Bill of Costs and the associated invoices.

As Defendant points out, the Clerk specifically excluded $3,114.00 from the final amount because "Hourly/Realtime costs for trial transcripts are not taxable pursuant to the Bill of Costs Handbook...Costs for the trial transcripts are calculated at an ordinary rate of $3.65 per page." Pl.'s Mot. Ex. 1, p. 2. Additionally, the invoices prepared by the court

reporter include amounts for real time transcripts, but those amounts have been clearly crossed out and are not included in the final amount found in the Taxed Bill of Costs.

Plaintiff, therefore, has misread the Taxed Bill of Costs. The $3,157.25 amount is for trial transcripts at the regular rate, not the premium rate for real time, which would require special justification for inclusion in the Taxed Bill of Costs.

As the prevailing party, Defendant are entitled to an award of their costs pursuant to 28 U.S.C. §§ 1920 and 1923 and Fed. R. Civ. P. 54(d). The Court has broad discretion in allowing or disallowing § 1920 costs. *BDT Products, Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 419 (6th Cir. 2005).

Plaintiff admits that Defendant used the transcripts to argue its motion for a directed verdict. Considering that no premium costs were included in the final transcript amount, the Court finds Plaintiff's motion moot, and is DENIED as such.

SO ORDERED.

                s/Nancy G. Edmunds
                Nancy G. Edmunds
                United States District Judge

Dated: April 22, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 22, 2014, by electronic and/or ordinary mail.

                s/Johnetta M. Curry-Williams
                Case Manager
                Acting in the Absence of Carol Bethel