UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALLORY BEARD,
    Plaintiff,

vs                                              Case No.: 12-10726

THE AUTO CLUB INSURANCE       Hon.: Nancy G. Edmunds
ASSOCIATION,

    Defendant.

_____

| BURGESS & SHARP, PLLC | KIENBAUM OPPERWALL HARDY |
|---|---|
| Attorneys for Plaintiff | & PELTON, P.L.C. |
| By: Rex A. Burgess, P42779 | Attorneys for Defendant |
| Heidi T. Sharp, P69641 | By: Elizabeth P. Hardy, P37426 |
| Syeda F. Davidson, P72801 | Jay C. Boger, P58805 |
| 43260 Garfield, Suite 280 | 280 N. Old Woodward Ave., Suite 400 |
| Clinton Township, MI  48038 | Birmingham, MI 48009 |
| 586-226-2627 | 248-645-0000 |
| rex@burgess-sharp.com | ehardy@kohp.com |
| heidi@burgess-sharp.com | jboger@kohp.com |
| syeda@burgess-sharp.com | |

_____/

**Plaintiff's Motion to Approve Supersedaes Bond
Amount and for Stay Pending Appeal**

Plaintiff Mallory Beard moves for approval of supersedeas bond in the amount of $7,000.00 and for stay pending appeal.  The Defendant has no objection to the amount of the bond.

The court should approve the supersedeas bond amount of $7,000.00 and stay collection effective upon posting of the bond.

Dated: June 4, 2014

          BURGESS & SHARP, PLLC

          s/ Rex A. Burgess
          43260 Garfield Suite 280
          Clinton Township, MI 48038
          (586) 226-2627
          e-mail: rex@burgess-sharp.com
          P42779

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALLORY BEARD,

    Plaintiff,

 vs                                                 Case No.: 12-10726

THE AUTO CLUB INSURANCE        Hon.: Nancy G. Edmunds
ASSOCIATION,

    Defendant.

_____
BURGESS & SHARP, PLLC         KIENBAUM OPPERWALL HARDY
Attorneys for Plaintiff             & PELTON, P.L.C.
By: Rex A. Burgess, P42779      Attorneys for Defendant
Heidi T. Sharp, P69641            By:  Elizabeth P. Hardy, P37426
Syeda F. Davidson, P72801       Jay C. Boger, P58805
43260 Garfield, Suite 280         280 N. Old Woodward Ave., Suite 400
Clinton Township, MI  48038     Birmingham, MI 48009
586-226-2627                         248-645-0000
rex@burgess-sharp.com           ehardy@kohp.com
heidi@burgess-sharp.com         jboger@kohp.com
syeda@burgess-sharp.com
_____/

**Plaintiff's Brief in Support of His Motion to Approve
Supersedaes Bond Amount and
for Stay Pending Appeal**

**ISSUES PRESENTED AND CONTROLLING AUTHORITIES**

1. Does the amount of the Plaintiff's bond comply with law?

    The Plaintiff answers: yes.

Controlling authorities: Fed. R. Civ. P. 62(d); *Poplar Grove Planting & Ref Co., Inc v. Bache Halsey Stuart, Inc.,* 600 F2d 1189 (5th Cir 1979); *Arban v. West Pub Corp.,* 345 F3d 390, 409 (6th Cir 2003).

**Facts**

A jury trial was held in February 2014 after which a verdict was returned in favor of Defendant. A judgment for Defendant was entered on February 14, 2014. Plaintiff filed a timely notice of appeal on March 12, 2014. Defendant subsequently submitted a bill of costs which was approved in the amount of $6,516.35. An amended judgment was entered on May 13, 2014 incorporating the costs into the judgment. Plaintiff now seeks approval to post $7,000.00 cash as a supersedaeous bond and for the entry of an order staying execution on the judgment during the pendency of the appeal.

**Applicable Law**

Fed. R. Civ. P. 62(d) states that: "If an appeal is taken, the appellant may obtain a stay by supersedeas bond…The bond may be given upon or after filing the notice of appeal…The stay takes effect when the court approves the bond." The court does not have discretion as to *whether* to stay the case upon approval of the bond. "With

respect to a case arising in the federal system it seems to be accepted that a party taking an appeal from the District Court is entitled to a stay of a money judgment as a matter of right if he posts a bond in accordance with Fed. R. Civ. P. 62(d) and 73(d).1" *Am Mfrs Mut Ins Co v. Am Broad-Paramount Theatres, Inc.,* 87 SCt 1, 3; 17 LEd2d 37 (1966) (memorandum opinion of Harlan, J.) (internal citations omitted). "Rule 62(d) entitles a party who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right." *Arban v. West Pub Corp.,* 345 F3d 390, 409 (6th Cir 2003). However, the court must ensure that the bond amount meets legal requirements. "The predecessor to present Fed. R. Civ. P. 62(d), originally Civil Rule 73(d), had directed that the amount of the bond be computed by the district court to include 'the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay, unless the court after notice and hearing and for good cause shown fixes a different amount or orders security other than the bond.' Although the present rule does not by its terms precisely define the amount and conditions of a supersedeas bond, it has been read consistently with the earlier rule." *Poplar Grove Planting & Ref Co., Inc v. Bache Halsey Stuart, Inc.,* 600 F2d 1189, 1191 (5th Cir 1979). A motion to approve bond may be brought and decided *ex parte,* and the opposingparty can file a motion to modify the bond after the original determination. See *Poplar,* 600 F2d at 1190. In *EB-Bran Productions, Inc. v. Warner Elektra Atl, Inc.,* unpublished case of the U.S. District Court for the Eastern District of

5

Michigan, decided July 5, 2006 (no. 03–75149) 2006 WL 1851010, the court followed *Poplar* and allowed the plaintiff, who was appealing a Rule 11 sanctions order, to post a bond for $30,000, where the unpaid sanctions amount was $28,211 and the estimated post-judgment interest for an appeal, based on an 18-month period, was $1,789.

### The bond is reasonable

The plaintiff's judgment is $6,516.35. The current federal post-judgment interest rate under 28 USC 1961(a) is 0.09%. Under 28 USC 1961(b), interest is compounded annually. Following *EB-Bran,* and calculating interest for a 12 month appeal, judgment interest on $6,516.35 would be $5.86 after the first year.  The proposed $7,000.00 cash bond is sufficient under law to cover the judgment, interest and any costs on appeal.

**Relief requested.**

The court should approve the supersedeas bond amount of $7,000.00 and stay collection effective upon posting of the bond.

Dated:  June 4, 2014               BURGESS & SHARP, PLLC

                                   s/ Rex A. Burgess
                                   43260 Garfield Suite 280
                                   Clinton Township, MI  48038
                                   (586) 226-2627
                                   e-mail:  rex@burgess-sharp.com
                                   P42779

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALLORY BEARD,

    Plaintiff,

 vs                                             Case No.: 12-10726

THE AUTO CLUB INSURANCE        Hon.: Nancy G. Edmunds
ASSOCIATION,

    Defendant.

_____

| BURGESS & SHARP, PLLC | KIENBAUM OPPERWALL HARDY |
|---|---|
| Attorneys for Plaintiff | & PELTON, P.L.C. |
| By: Rex A. Burgess, P42779 | Attorneys for Defendant |
| Heidi T. Sharp, P69641 | By: Elizabeth P. Hardy, P37426 |
| Syeda F. Davidson, P72801 | Jay C. Boger, P58805 |
| 43260 Garfield, Suite 280 | 280 N. Old Woodward Ave., Suite 400 |
| Clinton Township, MI  48038 | Birmingham, MI 48009 |
| 586-226-2627 | 248-645-0000 |
| rex@burgess-sharp.com | ehardy@kohp.com |
| heidi@burgess-sharp.com | jboger@kohp.com |
| syeda@burgess-sharp.com | |

_____/

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 4, 2014, I, Kathleen L. Porter, electronically filed the foregoing document and this Certificate of Service using the ECF system which will send notice electronically to the following:

7

Elizabeth P. Hardy, Esq.
Jay C. Boger, Esq.
280 N. Old Woodward Ave., Suite 400
Birmingham, MI 48009


                    /s/ Kathleen L. Porter
                    Kathleen L. Porter

Dated: June 4, 2014